UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID J. DEL RIO,<br><br>        Plaintiff,<br><br>    v.<br><br>B. CATES, et al.,<br><br>        Defendants. | Case No. 1:21-cv-01458-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>(ECF No. 1) |

Plaintiff David J. Del Rio is proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's complaint, filed September 29, 2021.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see also 28 U.S.C. § 1915A(b).

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

The Court accepts Plaintiff's allegations in the complaint as true only for the purpose of the *sua sponte* screening requirement under 28 U.S.C. § 1915.

Plaintiff contends that his constitutional rights were violated because he is being punished without following the proper criminal procedure. Under federal order dated February 10, 2014, Plaintiff is a candidate for early release.

## III.

## DISCUSSION

The Public Safety and Rehabilitation Act or "Proposition 57" was approved by California voters on November 8, 2016, and went into effect the next day. People v. Dynes, 20 Cal. App. 5th 523, 526 (2018).

Proposition 57 added Article I, section 32 to the California Constitution, providing for early parole consideration for certain California prisoners. Section 32 states in relevant part: "Any person

convicted of a *nonviolent felony* offense and sentenced to state prison shall be eligible for parole consideration after completing the full term of his or her primary offense" and directs the CDCR to "adopt regulations in furtherance of these provisions." Cal. Const., art. I, § 32 (added emphasis).[1] The implementing regulations define a "violent felony" as "a crime or enhancement as defined in subdivision (c) of section 667.5 of the Penal Code." Cal Code Regs. tit. 15, § 3490. The crimes listed as "violent felonies" in subdivision (c) of § 667.5 include "lewd or lascivious act" as defined by section 288. Cal. Penal Code § 667.5(c)(6).

Plaintiff cannot maintain a due process claim based on denial of early parole consideration, because he has no protected property interest in parole. There is no right under the U.S. Constitution to be conditionally released before the expiration of a valid sentence. Swarthout v. Cooke, 562 U.S. 216, 220 (2011); see also Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 7 (1979) (there is no federal constitutional right to parole). It follows that there is no constitutional right to parole consideration. See Fernandez v. Nevada, No. 3:06-CV-00628 LRH-RA, 2008 U.S. Dist. LEXIS 131876, 2009 WL 700662, at *10 (D. Nev. Mar. 13, 2009). And where there is no liberty interest in parole eligibility or parole, there can be no due process violation. Id.

In denying Plaintiff's inmate grievance requesting eligibility review for early parole or release, it was specifically stated:

> Claimant was convicted and sentenced to 80 years to life for four counts of PC 288(b)(1) Lewd Act on a Child Under 14. These are violent offenses listed under PC 667.5(c)(6). Claimant was sentenced to life terms pursuant to PC 667.61. His current credit earing rate is 20%. Claimant was not charged with any prior serious or violent offenses and he was not sentenced as a third strike offender, therefore he is not eligible for early parole consideration as a Non-violent third striker. A review of Claimant's commitment reflects no sentencing errors to refer for legal processing. If Claimant feels that he was sentenced in error, he must address the issue with the courts. Claimant will be eligible to go before the Board of Parole Hearings under the Lifer Parole hearing process. He currently has a Consultation review no later than date of 2/26/2035 and his Elderly Parole Eligibility Date (EPED) is 2/25/2040 and his calculated Minimum Eligible Parole Date (MEDP) is 1/24/2079. Claimant is requesting a copy of the PC

---

[1] Proposition 57 added Article 1, Section 32 to the California Constitution. It states in relevant part: "Parole consideration: Any person convicted of a nonviolent felony offense and sentenced to state prison shall be eligible for parole consideration after completing the full term of his or her primary offense," defined for these purposes as "the longest term of imprisonment imposed by the court for any offense, excluding the imposition of an enhancement, consecutive sentence, or alternative sentence." Cal. Const., art. I, § 32, subds. (a)(1), (a)(1)(A).

      1203.01 report.  Pursuant to  the penal code, the report is not required to be generated on all cases.  A review of the central file reflects that no report has been received.  Therefore a copy cannot be provided.

(ECF No. 1, Compl. at 4.)

The question whether Proposition 57 is being improperly construed, is a question of California law. Accordingly, it is not reviewable by this Court. See 42 U.S.C. § 1983 (only deprivation of rights secured by federal law is actionable under Section 1983); see also Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996) (state law issue cannot be transformed into federal law issue by merely invoking due process). Plaintiff's due process claim therefore is not cognizable.

Accordingly, the Court finds that the complaint fails to state cognizable civil rights claims under 42 U.S.C. § 1983 and that any amendment of the complaint would be futile. "A district court may deny leave to amend when amendment would be futile." Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013); accord Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Courts are not required to grant leave to amend if a complaint lacks merit entirely."). Because Plaintiff cannot state a claim as a matter of law, the undersigned recommends that this action be dismissed for failure to state a claim upon which relief may be granted. See 28 U.S.C. § 1915A(b)(1).

## IV.
## ORDER AND RECOMMENDATION

Based on the foregoing, it is HEREBY ORDERED that the Clerk of Court shall randomly assign a District Judge to this action

Further, it is HEREBY RECOMMENDED that the instant action be dismissed for failure to state a cognizable claim for relief.

///

///

///

///

///

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **November 8, 2021**

UNITED STATES MAGISTRATE JUDGE